UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-130 |
| CORNELIUS LAZARD | SECTION "L" (3) |

**ORDER & REASONS**

Before the Court is Defendant Cornelius Lazard's motion to vacate, correct, or set aside his sentence under 28 U.S.C. § 2255. (Rec. Doc. 42, 43).[1] The Court has reviewed the memoranda and applicable law, and it now issues this order.

**I.   BACKGROUND**

This case arises out of the distribution of cocaine base, commonly known as "crack." On January 9, 2014, Mr. Lazard pled guilty to counts one and three of a three-count indictment. Specifically, Mr. Lazard pled guilty to count one, knowingly and intentionally possessing with the intent to distribute 28 grams or more of cocaine base; and count three, knowingly possessing a firearm as a convicted felon. Mr. Lazard entered into a plea agreement with the government, in which he waived, among other things, his right to appeal and collaterally attack his sentence under 28 U.S.C. § 2255, with limited exceptions. On April 9, 2014, the Court sentenced Mr. Lazard to 130 months imprisonment as to count one, and 120 months as to count three, to be served concurrently, for a total term of 130 months imprisonment. The Court further ordered that Mr. Lazard's federal sentence was to run concurrent with Mr. Lazard's state sentences he was serving. Mr. Lazard never filed a notice of appeal, and on March 9, 2015 contemporaneously filed a motion for proper credit for time served under § 2255 and a motion for habeas corpus.

---
[1] Because Mr. Lazard cites § 2225 and has filed his two habeas motions contemporaneously, the Court construes them together as one § 2255 petition.

**II.     PRESENT MOTION**

Mr. Lazard now moves for relief pursuant to § 2255. (Rec. Doc. 42, 43). First, Mr. Lazard argues that at sentencing this Court did not give him credit for nine months served in state/federal custody. Second, Mr. Lazard argues that his sentence should be reduced under a 5-point reduction.

The Government opposes Mr. Lazard's petition. (Rec. Doc. 45).

**III.    LAW & ANALYSIS**

    **A.     Standard**

Habeas relief is appropriate under § 2255 when a federal prisoner asserts that his sentence "was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Ordinarily, a § 2255 motion "can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief." *United States v. Bartholomew*, 974 F.2d 39, 41 (5th Cir. 1992). Generally, a defendant is barred from raising an issue for the first time on collateral appeal if he had an opportunity to raise the issue on direct appeal and failed to do so, unless the petitioner can show "both 'cause' for failing to raise the issue on direct appeal and 'actual prejudice' flowing from the errors alleged." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996) (citing *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991)); *see also United States v. Frady*, 456 U.S. 152, 167–168 (1982).

Ordinarily, a § 2255 motion must be brought within one year of (1) the date the judgment becomes final, (2) the date an unconstitutional impediment is removed, (3) the date the United States Supreme Court recognized a rule as retroactively applicable on collateral review, or (4) the date new evidence could have been discovered. § 28 U.S.C. § 2255(f). This limitations period

is controlling unless a defendant has claimed actual innocence. If a defendant does not seek a petition for certiorari with the United States Supreme Court, the judgment of the Fifth Circuit becomes final after the 90-day period for seeking such a petition has elapsed. *United States v. Gamble*, 208 F.3d 536, 537 (5th Cir. 2000).

    **B.**    **Mr. Lazard waived his right to bring the instant § 2255 petition**

The Court first notes that Mr. Lazard's § 2255 petition is barred under the circumstances here. In his plea agreement, Mr. Lazard generally waived his right to collaterally attack his sentence with a § 2255 petition. Although the waiver excepts a post-conviction challenge based on ineffective assistance of counsel or a sentence in excess of the statutory maximum, neither exception applies to Mr. Lazard's petition. Therefore, Mr. Lazard's petition is barred.

    **C.**    **Mr. Lazard's claims**

Even if the Court were to look at the merits of Mr. Lazard's claim, he is not entitled the relief he seeks in this § 2255 petition. Although Mr. Lazard argues that the Court did not give him credit for nine months served in custody, the Government is correct that the Bureau of Prisons is tasked with determining what credit that Mr. Lazard may be awarded for time spent in custody prior to the commencement of his sentence.[2] *Edison v. Berkebile*, 349 F.App'x. 953, 955-56 (5th Cir. 2009). Such an argument is not a proper basis for a § 2255 petition. *See United States v. Gabor,* 905 F.2d 76, 77–78 (5th Cir.1990) (holding claims for time served are not cognizable in a § 2255 proceeding but rather must be addressed as habeas corpus petitions under § 2241 after administrative exhaustion through the Bureau of Prisons).

Mr. Lazard also claims there is a "new law" that entitles him to a 5-point reduction under habeas corpus. Having reviewed the record and the applicable law, the Court concludes that there

---

[2] Mr. Lazard gives no indication that he has attempted to exhaust his administrative remedies with the Bureau of Prisons.

is no such reduction. At the time of sentencing, Mr. Lazard received a 3-point reduction for acceptance of responsibility. In the event Mr. Lazard is attempting to invoke the 2-point retroactive reduction stemming from Amendment 782 of the U.S. Sentencing Commission, the Court reserves Mr. Lazard's right to file for such a reduction. However, such a reduction not properly invoked through a § 2255 petition, and the Court takes not position on Mr. Lazard's eligibility for such a reduction.

### IV.   CONCLUSION

For the forgoing reasons, Mr. Lazard is not entitled to the relief he seeks in his § 2255 petition. **IT IS ORDERED** that Mr. Lazard's § 2255 petition, (Rec. Docs. 42, 43), is **DENIED**.

New Orleans, Louisiana, this 4th day of May, 2015.

_____
UNITED STATES DISTRICT JUDGE