UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 13-130 |
| CORNELIUS LAZARD | SECTION "L" (4) |

## ORDER AND REASONS

Before the Court is Defendant Cornelius Lazard's Motion for Credit for Time Served. R. Doc. 49. The Government has responded in opposition to that motion. R. Doc. 53. Having considered the briefing and relevant law, the Court rules as follows.

I.     BACKGROUND

On December 4, 2010, Cornelius Lazard was arrested by the State of Louisiana. He was bonded out on December 8, 2010, and later remanded to state custody on October 22, 2012. On June 6, 2013, while his state charges were still pending, a federal grand jury empaneled in the Eastern District of Louisiana returned a three-count indictment against Lazard. Rec. Doc. 1. On June 17, 2013, the United States Magistrate Judge ordered that a writ of habeas corpus ad prosequendum be issued to the Sheriff of Orleans Parish Prison in order to secure Lazard's custody with the U.S. Marshal "until the resolution of the federal charges pending against him." Rec. Doc. 6 at 1. Lazard made his first court appearance in this district on July 2, 2013, and he remained in federal custody for the duration of his federal prosecution.

On November 19, 2013, Lazard was sentenced in state court. The state awarded him 397 days of credit for the time he spent in custody prior to being sentenced, and it calculated his full-term release date as October 27, 2027. After pleading guilty in this Court to Counts One (1) and

Three (3) of the Indictment, R. Docs. 33, 34, and 35, on April 11, 2014, the Court sentenced Lazard to 130 months as to Count 1 and 120 months as to Count 3. Rec. Doc. 40 at 2. The Court ordered that the terms as to Counts 1 and 3 were to run concurrently and that same was to "run concurrent with the sentences the defendant is now serving in Orleans Parish Criminal District Court[.]" *Id.* Accordingly, the Bureau of Prisons ("BOP") calculated Lazard's projected release date as September 18, 2023 and asked the U.S. Marshals Service to lodge a detainer with the state authorities. On May 2, 2014, the U.S. Marshals Service returned Lazard to the Louisiana Department of Corrections and filed a detainer, instructing the state authorities to notify their office prior to Lazard's release from state custody so that the Marshals could assume custody of Lazard.

On November 1, 2017, Lazard was granted parole by the state and, despite the aforementioned detainer, was released from his state sentence nearly ten years early. It was not until May 24, 2021, that, during a routine sentence audit, the BOP discovered that Lazard was no longer in state custody. On May 27, 2021, the BOP notified the Marshals thats Lazard had been paroled by state authorities and that his sentence had been placed in inoperative status. Subsequently, on August 16, 2021, federal authorities arrested Lazard and returned him to custody to serve the remainder of his federal sentence. The BOP did not credit Lazard's sentence for the 45.5 months that he spent at liberty from November 2, 2017, through August 15, 2021. As a result, Lazard's new projected release date is April 18, 2027.

## II.     PRESENT MOTION

Lazard filed the instant motion on September 19, 2022, asking the Court to order the BOP to apply credit to his federal sentence for the 45.5 months he spent at liberty between his release from State custody and his rearrest by Federal officials. He argues that it is "a violation of

the Eight Amendment's prohibition of cruel and unusual punishment" that the United States government "waited 5 years to enforce the federal sentence" after his release from state custody. R. Doc. 49 at 3.

### III.   DISCUSSION

Under 18 U.S.C. § 3585, the Attorney General is responsible for the computation of federal sentences. *United States v. Wilson*, 503 U.S. 329 (1992). This authority has been delegated to the BOP under 28 C.F.R. § 0.96. *See United States v. Moore*, 978 F.2d 1029 (8th Cir. 1992). A sentencing court lacks jurisdiction to review the BOP's calculation of an inmate's sentence. As this Court has previously recognized, R. Doc. 46 at 3, Lazard's arguments that the BOP has not properly granted him credit for time served "must be addressed as habeas corpus petitions under [28 U.S.C.] § 2241 after administrative exhaustion through the Bureau of Prisons." Rec. Doc. 46 at 3 (*citing United States v. Gabor*, 905 F.2d 76, 77–78 (5th Cir.1990)). If Lazar wishes to challenge the calculation of his sentence, he must do so via a § 2241 petition for habeas corpus.

Even if the Court were to construe Lazard's motion as a petition for habeas corpus under § 2241, and to find that Lazard has exhausted his administrative remedies, this Court does not have jurisdiction to review a § 2241 petition from Lazard. Such a petition must be filed in the district that has jurisdiction over the Warden of the facility where the inmate is incarcerated. *See Rumsfield v. Padilla*, 542 U.S. 426, 434-35 (2004). Lazard is incarcerated in Edgefield, South Carolina, which means he must file any § 2241 challenge in the District of South Carolina, not the Eastern District of Louisiana.

### IV.   CONCLUSION

For the foregoing reasons, Defendant's motion is **DENIED**.

New Orleans, Louisiana, this 3rd day of October, 2022.

*Eldon E. Fallon*
UNITED STATES DISTRICT JUDGE